UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN J. GRISAFFI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-11179** |
| **AUDUBON INSURANCE COMPANY** | **SECTION B(3)** |

ORDER AND REASONS

Before the Court is Defendant Audubon Insurance Company's Motion for Partial Judgment on the Pleadings. (Rec. Doc. No. 10). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion is **DENIED.**

*BACKGROUND*

Defendant Audubon Insurance Company ["Audubon"] issued a flood insurance policy to Plaintiff covering his property located at 2844 Tennessee Avenue, Kenner, Louisiana. Plaintiff's property allegedly sustained flood damage as a result of Hurricane Katrina. Defendant paid Plaintiff $136,356.00 for damages pursuant to the policy. Plaintiff then filed suit seeking additional payments as well as attorneys' fees and costs related to the improper handling of his flood claims. Defendant has now filed a Motion for Partial Judgment on the Pleadings seeking to dismiss all extra-contractual claims for attorneys' fees and costs.

Defendant claims that Plaintiff's extra-contractual claims are preempted and barred by Federal law. Plaintiff does not dispute

1

that such claims are preempted by the National Flood Insurance Act but argues instead that these damages are recoverable under the Equal Access to Justice Act.

## DISCUSSION

**A.   Judgment on the Pleadings Standard**

Defendant moves to dismiss Plaintiff's extra-contractual claims under Fed. R. Civ. Pro. 12(c).  The standard for dismissal of a Rule 12(c) motion for judgment on the pleadings is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).  *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). In considering a Rule 12(b)(6) motion to dismiss, courts have found that dismissal pursuant to this provision "is viewed with disfavor and is rarely granted."  *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true.  *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir. 2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).   Until recently, the standard for a motion to dismiss was often phrased in such a way that a district court could not dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) "unless it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355

U.S. 41, 45-46 (1957); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The Supreme Court, however, recently noted that the phrase "no set of facts" "is best forgotten as an incomplete, negative gloss on an accepted pleading standard..." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). The Court went on to note that the standard, in reality, remains the same, that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. The Fifth Circuit defines this strict standard as, "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowrey*, 117 F.3d at 247, citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969). "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Ramming v. United States*, 281 F.3d 158, 161-62 (5th Cir. 2001).

**B.   Extra-contractual Damages under the Equal Access to Justice Act**

Defendant argues that Plaintiff's extra-contractual claims are preempted and barred by the National Flood Insurance Act ["NFIA"]. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005). Plaintiff does not dispute that state-based extra-contractual claims are preempted by the NFIA but argues instead that extra-

3

contractual damages are recoverable under the Equal Access to Justice Act ["EAJA"].

The EAJA provides that attorneys' fees and costs are available to the prevailing party in any civil action brought against "the United States or any agency or any official of the United States acting in his or her official capacity...." 28 U.S.C. § 2412. The Court in *Dwyer v. Fidelity Nat. Prop. and Cas. Ins. Co.,* No. 46 Civ. 06-4793 (E.D. La. 2007) addressed the issue of whether a Write Your Own ["WYO"] Carrier is considered an agency under the EAJA and whether attorneys fees are, therefore, available pursuant to the EAJA in a suit against a WYO carrier. The Court noted that the NFIA definition of "federal agency" includes any department, agency, corporation, or other entity or instrumentality of the executive branch of the Federal Government. *See* 42 U.S.C. § 4003(2). The Court found that a WYO carrier constitutes an "other entity or instrumentality of the executive branch." *Dwyer*, at 12. In making this determination, the Court relied on the level of control the federal government has in the flood insurance program. Specifically, the Court stated that "[i]t is undisputed that the federal government retains control of all the terms of the flood policy and the terms by which WYO Companies administer the program, the federal government pays for the defense of lawsuits, and the federal government pays a judgment in the claimant's favor." *Id.* at 11. The Court concluded that "[t]he entire scheme of the

4

[National Flood Insurance Program] supports a finding that WYO companies function as an arm of FEMA." *Id*. at 10.  Thus, the Court in *Dwyer* found that a WYO carrier constituted an agency under the EAJA and that attorneys fees are, therefore, potentially available under the EAJA in a suit against a WYO carrier.  *Id*. at 13-14.

This Court in *St. Claude Bywater Prop., L.L.C.* v. *Fidelity Nat. Ins. Co.*, 2008 WL 294549 (E.D. La. 2008) also addressed the issue of whether attorneys fees are available pursuant to the EAJA in a suit against a WYO Carrier.  The Court in *St. Claude* followed the reasoning in *Dwyer* and found that WYO carriers "represent FEMA in federal court when lawsuits are brought, and therefore act as an entity of the executive branch, which falls under the [NFIA definition] of agency.  As such, they are potentially subject to EAJA attorney's fee awards."  *Id*. at *4.

The Court in the present case is persuaded by the reasoning in *Dwyer* and *St. Claude*.  Thus, the Court finds that attorneys fees are potentially available pursuant to the EAJA in a suit against Defendant Audubon, a WYO carrier.

Accordingly,

**IT IS ORDERED** that Defendant's Motion For Partial Judgment on the Pleadings is **DENIED.**

New Orleans, Louisiana this 11th day of March, 2008.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE